1   HANSON BRIDGETT LLP
    SAMANTHA D. WOLFF, SBN 240280
2   swolff@hansonbridgett.com
    KAYLEN KADOTANI, SBN 294114
3   kkadotani@hansonbridgett.com
    BREANA L. BURGOS, SBN 335077
4   bburgos@hansonbridgett.com
    425 Market Street, 26th Floor
5   San Francisco, California 94105
    Telephone:     (415) 777-3200
6   Facsimile:     (415) 541-9366

7   Attorneys for Defendant LYFT, INC.

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   AVA KHOSHRAVANI, | Case No. _____ |
| 12          Plaintiff, | **DEFENDANT LYFT, INC.'S NOTICE OF REMOVAL OF ACTION** |
| 13          v. | **28 U.S.C. § 1441(a)** |
| 14   LYFT, INC., a California Corporation, and DOES No. 1 to 100, Inclusive, | **DIVERSITY OF CITIZENSHIP** |
| 15          Defendant. | Action Filed:          January 26, 2021 |
| 16 | (San Francisco Superior Court Case Number CGC-21-589292) |
| 17 | |

18       **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

19   **NORTHERN DISTRICT OF CALIFORNIA**:

20       **PLEASE TAKE NOTICE** that Defendant Lyft, Inc. hereby removes to this court the state

21   court action described below.

22       This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332

23   and may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441(a)

24   because it is a civil action between citizens of different states and the matter in controversy herein

25   exceeds the sum or value of $75,000, exclusive of interest and costs.

26       <u>**BACKGROUND AND TIMELINESS OF REMOVAL**</u>

27       On January 26, 2021, Plaintiff Ava Khoshravani filed a complaint in the Superior Court of

28   the State of California, County of San Francisco, entitled *Ava Khoshravani  v. Lyft, Inc., a*

17418562.1

1  *California Corporation, and Does 1-100, Inclusive*, Case Number CGC-21-589292.  Plaintiff

2  asserts three causes of action against Lyft relating to an alleged scooter accident in which Plaintiff

3  claims she sustained personal injuries and damages.  A true and correct copy of the complaint is

4  attached as **Exhibit A**.

5    Defendant Lyft, Inc. was personally served with Plaintiff's Summons and Complaint on

6  March 5, 2021.  Plaintiff served Notice of Proof of Service on March 17, 2021.  This Notice of

7  Removal is timely because Defendant has filed it "within thirty days after receipt by the defendant,

8  through service or otherwise, of a copy of an amended pleading, motion, order or other paper from

9  which it may first be ascertained that the case is one which is or has become removable."  28

10  U.S.C. § 1446(b).

## JURISDICTION FOR REMOVAL

12    This Court has original jurisdiction over the claim against Defendant Lyft, Inc. under 28

13  U.S.C. § 1332 because the parties are completely diverse and the amount in controversy alleged by

14  Plaintiff exceeds $75,000.

15    First, as alleged in the complaint, Plaintiff is domiciled in Georgia and Defendant Lyft,

16  Inc. is incorporated in Delaware with its principal place of business in California. Complaint, ¶¶

17  5-6.  Accordingly, there is complete diversity of all parties in this matter.

18    Second, while Plaintiff's complaint does not state the specific amount in damages sought,

19  as is consistent with California law,[1] there are several factors that support a finding that the

20  amount in controversy exceeds the jurisdictional threshold of $75,000.  (1) The case was filed in

21  state court as an unlimited civil case, which means that it allegedly exceeds the $25,000 threshold

22  set forth in California Code of Civil Procedure sections 85-88, *et seq.*  (2) Plaintiff alleges that she

23  has sustained "severe and permanent injuries, past, present and future medical bills, including

24  medical care, treatment, pain management, caretaking, diagnostic, surgery and rehabilitation . . .

25  serious emotional distress . . . and impairment of day to day enjoyment of life, recreation and

26  business opportunities, loss of mobility, vigor, income, and earning capacity or ability to earn" as

27

28

---

[1] *See* Cal. Code of Civ. Proc. § 425.10(b).

DEFENDANT LYFT, INC.'S NOTICE OF REMOVAL OF ACTION

a result of the alleged incident. *See, e.g.*, Complaint, ¶ 26. (3) Finally, Plaintiff has made a pre-litigation settlement demand that exceeds $75,000.

Accordingly, based on the Complaint and Defendant's good faith belief of what Plaintiff believes this case is worth, the amount in controversy in this action exceeds the jurisdictional threshold of $75,000. *See Lewis v. Verizon Comms., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability"); *Harris v. KM Indus. Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (the removing defendant "need only allege in its notice of removal that the amount in controversy requirement is met").

The removal of this claim against Defendant Lyft, Inc. to this Court is proper under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000 and is between citizens of different States.

## VENUE

Venue lies in the Northern District of California under 28 U.S.C. §§ 1441(a), 1446(a), and 84(a). Defendant resides in California because its principal place of business is in San Francisco, California. Assignment to the San Francisco Division is appropriate under Civil Local Rule 3-2(d) because Defendant has its principal place of business in San Francisco, California.

## STATE COURT AND RELATED DOCUMENTS

In accordance with 28 U.S.C. § 1446(a), Defendant attaches to this Notice the following documents, which are all the process, pleadings, and orders served upon Defendant and/or filed in the Superior Court of the State of California, County of San Francisco, prior to the Notice of Removal:

a) Summons, Civil Case Cover Sheet, Complaint, Notice to Plaintiff, and Notice of Proof of Service, all of which are attached hereto as **Exhibit A**;

b) Defendant's Answer, submitted for filing in San Francisco Superior Court on April 1, 2021, is attached hereto as **Exhibit B**.[2]

---

[2] As of the date of this Notice of Removal, Defendant's Answer was still being processed by San Francisco Superior Court and thus a court-endorsed copy is not yet available. A copy of the filing receipt is attached for reference.

1

## <u>SERVICE OF NOTICE OF REMOVAL</u>

2          Defendant will simultaneously serve this Notice of Removal on Plaintiff and will promptly

3   file it with the clerk of the Superior Court of the State of California, County of San Francisco.

4   DATED:  April 5, 2021                    HANSON BRIDGETT LLP

5

6                                    By:    */s/ Kaylen Kadotani*

7                                           SAMANTHA D. WOLFF
                                            KAYLEN KADOTANI

8                                           BREANA L. BURGOS
                                            Attorneys for Defendant LYFT, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT LYFT, INC.'S NOTICE OF REMOVAL OF ACTION

17418562.1

**EXHIBIT A**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LYFT, INC., a California Corporation,
and DOEs No. 1 to 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AVA KHOSHRAVANI

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SUPERIOR COURT STATE OF | CASE NUMBER:<br>*(Número del Caso):* CGC 21 589292 |
|---|---|

CALIFORNIA FOR THE COUNTY OF SAN FRANCISCO
400 McAllister St., San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

James H. Bartolomei III, 809 W. 3rd Street, Little Rock AR 72201 (501) 228-7600

| DATE: | FEB 2 4 2021 | CLERK OF THE COURT Clerk, by | CAROLYN BALISTRERI | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| James H. Bartolomei  Bar No. 301678<br>Duncan Firm, P.A.<br>809 W. 3rd Street<br>Little Rock, AR 72201<br>TELEPHONE NO.: 501-228-7600   FAX NO.: 501-228-0415<br>ATTORNEY FOR *(Name):* Plaintiff Ava Khoshravani | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**01/26/2021**<br>**Clerk of the Court**<br>BY: KALENE APOLONIO<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

CASE NAME:
AVA KHOSHRAVANI V. LYFT, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ **Unlimited** ☐ **Limited** | ☐ **Counter** ☐ **Joinder** | **CGC-21-589292** |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☑ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. ☐ Large number of separately represented parties
   - b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. ☐ Substantial amount of documentary evidence
   - d. ☐ Large number of witnesses
   - e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 3
5. This case ☐ is ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 25, 2021

James H. Bartolomei Esq.
_____
(TYPE OR PRINT NAME)

▶ *Jim Bartolomei*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

James H. Bartolomei (SBN: 301678)
**James H. Bartolomei III, P.A.**
**Of Counsel at Duncan Firm, P.A.**
809 W. 3rd Street
Little Rock, Arkansas 72201
Telephone:     501-228-7600
Facsimile:     501-228-0415
James@duncanfirm.com

*Attorneys for Plaintiffs*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| AVA KHOSHRAVANI, | ) Case No. _____ |
| | ) |
| Plaintiff, | ) |
| vs. | ) **COMPLAINT FOR DAMAGES; DEMAND** |
| | ) **FOR JURY TRIAL** |
| LYFT, INC., a California Corporation, | ) |
| and DOEs No. 1 to 100, Inclusive, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) [Amount Demanded Exceeds $25,000] |
| | ) |
| | ) |

Plaintiff, upon personal knowledge with respect to their own acts and observations, and upon information and belief with respect to all other matters, avers and allege as follows in their complaint:

1.      This is a negligence, common carrier public transportation case wherein a large public transportation company based in California, which provides scooters for public transportation to consumers and users, failed to exercise the highest duty of care, ordinary and reasonable care and take all necessary and reasonable steps to protect Plaintiff from injury on a scooter designed, manufactured, owned, controlled, directed, supervised, maintained by Defendant LYFT.  Plaintiff seeks relief for damages related to negligence and Defendant LYFT and DOEs 1 through 100's wrongful conduct.

## **JURISDICTION AND VENUE**

2.      The series of wrongful acts and occurrences complained of occurred on or about February 5, 2019, on Peachtree Street, Atlanta, Fulton County, Georgia.

-1-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

3.      This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, § 10, because this case is a cause not given by statute to other trial courts.

4.      Venue is proper in this Court pursuant to section 395(a) of the Code of Civil Procedure because Defendant LYFT is located in the County of San Francisco, State of California during the events in question, and all negligent and wrongful acts were committed in San Francisco.

**PARTIES**

5.      Plaintiff AVA KHOSHRAVANI (hereinafter "AVA") is an individual and is now, and at all times material herein, a resident of State of Georgia.

6.      Defendant Lyft Inc. (hereinafter "LYFT") is incorporated in the State of Delaware, with its principal business located at 185 Berry Street Number, 5000 San Francisco, San Francisco County, California 94107.

7.      LYFT providers scooters for public transportation through its electronic APP and platform.  Lyft is organized and principally functions as a California transportation corporation, actively conducts business as a common carrier and is a transportation company, which transports people, goods, or property around the State of California and around the United State of America.

8.      Consumers, users and riders have the option to rent bikes or scooters through the Lyft Platform to ride to their destination. At all relevant times herein, Defendant LYFT created, designed, manufactured, owned, operated, directed, controlled, distributed, supplied, advertised, promoted, leased, rented, allowed and permitted for bailment, use and operation by the public, for public transportation in cities across the United States - the LYFT scooter.  At all relevant times, LYFT maintained dominion, control, management, ownership, supervision and coordinated all activity related to safety, control and operation of the LYFT scooter across the United States.

9.      Plaintiff is informed and believes, that LYFT is responsible for all conduct, actions and omissions of its corporation, agents and employees.  Further, at all times mentioned herein, any agent, servant, employee, joint venture, subsidiary, investor, partner and/or representative of LYFT presently unknown, was acting within the course and scope of such agency, and employment, service, joint venture and/or representation and directed, aided and abetted, authorized and/or ratified

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

each and every act of wrongful conduct hereinafter alleged.

10.     The true names and/or capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff at this time, and who therefore sues said Defendants by such fictitious names. These unknown Defendants and potential tortfeasors may have designed, manufactured, inspected or repaired the LYFT scooter or be part of a group share or ride share program providing LYFT scooters in Atlanta, Georgia.  These Defendants were acting-in-concert or directly may have committed acts, omissions and careless conduct, which was a contributing and substantial factor in concert with LYFT in injuring, damaging or harming the Plaintiff.

11.     This negligent conduct and breach of duty of ordinary and reasonable care owed to the Plaintiff may have been through the following particulars: negligent design, negligent manufacture, negligent distribution, negligent advertising, negligent marketing, negligent inspection, negligent repair, negligent instructions, negligent notice, negligent warning, negligent retrofit and recall.

12.     These individuals or entities are unknown, at this time, and are not ascertainable presently without conducting discovery in this lawsuit.  Plaintiff is informed and believes, and thereupon allege that each of the Defendants fictitiously named herein as a DOE is legally responsible in some actionable manner, for the events and happenings hereinafter referred to, and thereby legally caused the injuries, damages and harm to Plaintiff as hereinafter alleged. Plaintiff will ask leave of court to amend this Complaint to insert the true names and/or capacities of such fictitiously named Defendants once they are ascertained.

13.     At all times herein mentioned, Defendant LYFT was the co-tortfeasor and acting-in-concert for any other unknown defendants, acting as the agent, co-conspirator, principal, servant, and/or alter ego of the other.

### GENERAL ALLEGATIONS

14.     On or around February 5, 2019, Plaintiff was severely and permanently injured due to a malfunctioning, unsafe, unreasonably defective and hazardous LYFT electric scooter she rented from LYFT.  The scooter had a hidden, dangerous malfunctioning defect unknown to reasonable,

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

foreseeable consumers and users of the LYFT scooter for public transportation. LYFT failed to maintain the subject scooter in a reasonably safe condition causing the scooter the malfunction from a hidden, defective, unsafe and unreasonably dangerous condition.  As a result of the hidden, defective, unsafe and unreasonably dangerous condition, the LYFT scooter injured the Plaintiff around 10:59 E.S.T. on Peachtree Street, Atlanta, Georgia.  Plaintiff sought and received medical care and treatment of her injuries, which included severe and permanent injuries to her Achilles tendon.

15.   LYFT is a common carrier corporation and provides cars and scooters for public use. LYFT engages in business throughout the United States.  LYFT provides and makes available a scooter in states around the United States, including California, Arkansas, Georgia and other states. LYFT designs, manufactures, owns, operates, distributes, supplies, advertises, promotes, warrants, leases, rents, inspects, repairs, permits and allows its LYFT scooters to operate and be operated and used by consumers and users in the United States for public transportation.

16.   Plaintiff has been severely and permanently injured, harmed and damaged by direct conduct, actions and omissions of Defendant LYFT, which were and are the proximate cause of the injuries, harm and damages suffered by Plaintiff AVA for which she seeks compensation in this Court and a trial by jury.

### FIRST CAUSE OF ACTION

#### (Direct, Non-Delegable Negligence Against LYFT corporation)

17.   Plaintiff refers to and re-plead each and every allegation contained in the foregoing paragraphs of this Complaint and by this reference incorporates the same as if fully set forth herein. Lyft is in the business of transporting persons or property for compensation and available to the public generally.

18.   As a large common carrier and provider of public transportation in exchange for compensation, LYFT and its scooters, as publicly available transportation vehicles, are held to the highest degree of care, diligence and skill in receiving consumers and users, conveying and transporting them to their destination and setting them down safely as the means and character of the conveyance, transportation and circumstances will permit.

19.     Defendant LYFT holds, represents, assures, advertises, promotes and warrants its LYFT scooters as a safe, reliable means of public transportation to safely and efficiently transport customers and users in public areas and public roads in cities across the United States.

20.     Defendant LYFT, as a business operating in California, owes a non-delegable duty of safety, and ordinary and reasonable care to the foreseeable consumers and users of its scooters, which LYFT provides for public transportation in exchange for compensation to LYFT.

21.     Defendant LYFT owes a duty of safety, ordinary and reasonable care to provide a safe LYFT scooter to foreseeable consumers and users to use for public transportation.

22.     That non-delegable duty of safety and care includes the obligation to take reasonable steps to prevent injuries and unsafe mechanical operation of its LYFT scooters and foreseeable injury, harm and damages, which are likely to occur in the absence of safe and reasonable design, manufacturing, distribution, maintenance and repair of its scooters.  LYFT failed to utilize simple and reasonable precautionary measures, or to give foreseeable consumers and users of its scooters, prior notice, caution and warning of the dangerous propensities of its scooters, so the foreseeable consumers and users would be warned of the defective and unreasonably dangerous mechanical condition of its scooters.

23.     LYFT has actual or constructive notice that its scooters have mechanical problems or have failed and been in unsafe, unreasonably dangerous and hazardous condition and LYFT is in a superior position to known the dangerous propensities and condition of its LYFT scooters. However, LYFT deliberately failed to repair, remedy, recall or retrofit its scooters and make them safe for public use and LYFT failed to provide notice, caution or warning to Plaintiff before she rode the LYFT scooter on February 5, 2019 that the LYFT scooter was unsafe and unreasonably dangerous for its intended, permitted, intended and advertised use and purpose in Atlanta, Georgia.

24.     Defendant LYFT was required to take direct action to prevent injury, harm or damages to reasonably foreseeable consumers and users of its scooters and for any negligent conduct, acts, omissions of its company and negligent or wrongful acts of its employees, agents and agents.

25.     LYFT is strictly liable for any defective, unreasonably dangerous, hazardous and

1   unsafe condition with its LYFT scooter, which it reasonably know or should have known existed or

2   which LYFT created and provided to foreseeable consumers and users without any notice, caution or

3   warning.  This unreasonably dangerous defect and condition of its scooter was a substantial factor in

4   causing Plaintiff's injuries, damages and harm for which she seeks compensation.

5        26.    LYFT's direct conduct was negligent and was a substantial factor in causing

6   Plaintiff's severe and permanent injuries, past, present and future medical bills, including medical

7   care, treatment, pain management, caretaking, diagnostic, surgery and rehabilitation to a reasonable

8   degree of certainty or probability, serious emotional distress, which includes suffering, anguish,

9   fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame, disfigurement,

10  bodily impairment and impairment of day to day enjoyment of life, recreation and business

11  opportunities, loss of mobility, vigor, income, and earning capacity or ability to earn.  LYFT's

12  corporate conduct, acts or omissions and negligence were also an aggravating factor to any prior

13  conditions, which may have existed and LYFT's negligence further aggravated or was a substantial

14  factor in causing injuries, harm and damages to Plaintiff.

15       27.    Defendant LYFT's conduct was a substantial factor in causing damages to Plaintiff in

16  an amount to be determined at trial and which meets or exceeds the jurisdictional limits of this Court

17  as determined by a jury trial.

18  **<u>SECOND CAUSE OF ACTION</u>**

19  **(Negligent Hiring, Supervision, Training, and Retention against LYFT, and DOES 1-100)**

20       28.    Plaintiff hereby incorporates by reference and re-allege each and every allegation set

21  forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

22       29.    LYFT and DOES 1 through 100 were negligent in hiring, supervising, training and

23  retaining its agents and employees, who were unskillful, incompetent and negligent.

24       30.    LYFT and DOES 1 through 100 had a duty to act in a reasonable manner and exercise

25  reasonable due diligence to properly investigate its employees and agents before hiring, employing,

26  entrusting, contracting with, training, supervising, monitoring and retaining them. LYFT, DMS and

27  DOES 1 through 100 had a duty to effectively train its employees and agents on policies, procedures,

28  and practices to avoid unreasonable harm to the public.

31.     LYFT and DOES 1 through 100 were negligent in hiring, employing, entrusting, contracting with, training, supervising, monitoring and retaining agents and employees, which negligence was a substantial factor in causing Plaintiff injuries, damages and harm.

32.     LYFT and DOES 1 through 100 are directly liable for their breaches of the duties of care and safety they owed to Plaintiff arising from their duties to provide a safe scooter for public transportation and to properly hire, employ, contract with, retain, direct, control, monitor, supervise and entrust their agents and employees.

33.     LYFT and DOES 1 through 100 may not be directly liable for their own direct, independent acts of negligence, they are vicariously liable for all Plaintiff's injuries, damages and harm, including economic and noneconomic damages, compensatory, actual, special and consequential, caused by the breaches of duties by employees and agents and carelessness, negligence and wrongful conduct of the corporation, employees and agents.

34.     As a direct, legal and proximate result of the carelessness, negligence, willful and wanton conduct of LYFT and DOES 1 through 100, and each of them, separate, acting-in-concert, Plaintiff has suffered injuries, damages and harm as a direct result and proximate cause of their negligent and wrongful conduct.  LYFT and DOES 1 through 100's conduct was a substantial factor in causing Plaintiff's injuries, damages and harm, which includes, but is not limited to Plaintiff's severe and permanent injuries, past, present and future medical care, treatment, bills, expenses and caretaking, including life-care plan or home health assistance, loss of enjoyment of life, hedonic damages, ability to mobilize and ambulate without pain and impairment, being able to function and live without pain, loss of vigor, humiliation, impairment of functioning and daily living, loss of recreation and business opportunities, bodily impairment and functioning loss, loss of earning capacity and ability to earn.  LYFT's corporate conduct and vicarious liability and DOES 1 through 100 were also an aggravating factor to any prior conditions, which may have existed and LYFT's negligence further aggravated or was a substantial factor in causing injuries, harm and damages to Plaintiff.

### **THIRD CAUSE OF ACTION**

### **(Negligent Failure to Notify, Caution, Warning and Instructions)**

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

35.     Plaintiff refers to and re-pleads each and every allegation contained in the foregoing paragraphs of this Complaint, and by this reference incorporate the same as if fully set forth herein.

36.     Defendant LYFT expressly and impliedly represents, warrants and holds out its LYFT scooters to the public as safe for transportation and for their intended use by a foreseeable consumer and user.  Defendant was negligent in failing to provide reasonable care and proper notice, caution, warning and instructions to Plaintiff regarding the unreasonably dangerous and unsafe tendencies and proclivities of the LYFT scooter, which was a proximate cause of the injuries, damages and harm sustained by the Plaintiff.

37.     Defendant LYFT advertised, marketed and promoted its LYFT scooters as safe for public transportation and intended use and without hidden unreasonably dangerous defects for consumers and users.

38.     Defendant LYFT concealed, suppressed and omitted material facts concerning the unsafe and unreasonably dangerous and hazardous condition of its LYFT scooter and its propensity to malfunction or contain a hidden, unsafe condition for consumers and users, which was unknown to the Plaintiff at the time of the incident and occurrence alleged herein.

39.     As a direct and proximate result of LYFT's negligent conduct, Plaintiff suffered severe and permanent injuries, which have caused past medical bills and expenses, current medical bills and expenses and will reasonably result in future medical bills, expenses and surgeries, more likely than not or to a reasonable degree of certainty.

40.     Defendant LYFT's negligent conduct was a substantial factor in causing Plaintiff's injuries, damages and harm.

41.     Plaintiff has suffered severe and permanent injuries, which have caused past medical bills and expenses, current medical bills and expenses and will reasonably result in future medical bills, expenses and surgeries, more likely than not or to a reasonable degree of certainty.

42.     Plaintiff has also experienced emotional distress, pain anguish, which includes but is not limited to, suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, embarrassment, shame, mortification, disappointment, depression, and feelings of powerlessness to such an extent that an ordinary, reasonable person would not be able to cope with

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

it.

43.     Plaintiff has also experienced loss of vigor and diminished capacity to function and earn, including disfigurement and permanent, whole-body impairment due to Defendant LYFT's negligent conduct and unsafe, defective and unreasonably dangerous scooter, which it permitted, allowed and provided for public transportation across the United States and in Georgia.

44.     Defendant LYFT is vicariously liable for all of the harm caused by its dangerous and defective scooter and any negligent conduct and acts or omissions committed by its employees and agents in the course and scope of employment.

45.     Defendant LYFT either directly committed or learned of and approved the herein described wrongful conduct of after it occurred. Defendant LYFT failed to investigate and respond to their knowledge that its employees were negligent and committed the wrongful conduct herein without providing notification, caution, warning, proper instructions, retrofit or recall for foreseeable consumers and users of the LYFT scooters as public transportation.

46.     Defendant LYFT committed the negligent and wrongful conduct herein described. For these reasons, LYFT and DOES 1 through 100 are responsible for all the harm caused to Plaintiff by the corporate conduct, pattern and practice, policies, procedures, acts and omissions of LYFT, including but not limited to special, general, punitive damages and reasonable attorneys' fees and costs incurred, all where allowed by law.

47.     LYFT'S conduct was intended to inflict injury or engaged in with the realization that injury would result, i.e., a conscious disregard for the rights and safety of the public, including Plaintiff.

48.     Defendant's conduct was a substantial factor in causing damages to Plaintiffs in an amount to be determined at trial and which meets or exceeds the jurisdictional limits of this Court.

49.     Plaintiff is informed and believes, and based thereon alleges, that Defendant LYFT acted at all relevant times, carelessly, negligently, recklessly, willfully, wantonly, maliciously, oppressively, fraudulently, and with deliberate indifference to safety and rights of users and consumers with full knowledge and foresight of the adverse effect of their actions and conduct on foreseeable persons, including Plaintiff.

50.     Plaintiff seeks a trial by jury for all compensatory, actual, special and exemplar damages available to her under applicable law.  Plaintiff alleges that Lyft, upon information and belief failed, to preserve the scooter in question and failed to engage, in good faith and fair dealing, and make reasonable efforts to resolve this claim or comply with the terms of the alleged terms of use applicable for the scooter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant LYFT as follows:

1.     Compensatory and punitive damages according to proof where allowable by law;

2.     Reasonable attorneys' fees where allowable by law;

3.     Costs of suit incurred herein as allowed by law; and

4.     For such other and further relief as the Court deems just and proper.

DATE: January 25, 2021

DUNCAN FIRM, P.A.

*James Bartolomei*

James H. Bartolomei (CA BAR 301678)
**Of Counsel at Duncan Firm, P.A.**
809 W. 3rd Street
Little Rock, Arkansas 72201

*Attorneys for Plaintiff*

# NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**    **JUN-30-2021**

**TIME:**    **10:30AM**

**PLACE:**    **Department 610**
           **400 McAllister Street**
           **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

**(SEE LOCAL RULE 4)**

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

1   James H. Bartolomei (SBN: 301678)
2   **James H. Bartolomei III, P.A.**
    **Of Counsel at Duncan Firm, P.A.**
3   809 W. 3rd Street
    Little Rock, Arkansas 72201
4   Telephone:    501-228-7600
    Facsimile:    501-228-0415
5   James@duncanfirm.com
6
    *Attorneys for Plaintiffs*
7
                      **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8                         **FOR THE COUNTY OF SAN FRANCISCO**
9
    AVA KHOSHRAVANI,                          )   **Case No. CGC-21-589292**
10                                            )
11                      Plaintiff,            )
    vs.                                       )   **NOTICE OF PROOF OF SERVICE**
12                                            )
    LYFT, INC., a California Corporation,     )
13  and DOEs No. 1 to 100, Inclusive,         )
                                              )
14                                            )
                        Defendants.           )
15  _____ )
                                              )
16                                            )
17
            Plaintiff hereby files proof of service of process on Defendant LYFT, INC.
18
    Dated: March 17, 2021
19
20                                      **DUNCAN FIRM, P.A.**
21                                      By: /s/ James H. Bartolomei
                                         James H. Bartolomei (SBN: 301678)
22                                      Of Counsel at **DUNCAN FIRM, P.A.**
                                        809 West 3rd Street
23                                      Little Rock, Arkansas 72201
                                        Telephone:    501-228-7600
24                                      Facsimile:    501-228-0415
25                                      james@duncanfirm.com
26                                      Attorneys for Plaintiff
27
28

                                        -1-

| Attorney or Party without Attorney:<br>JAMES H. BARTOLOMEI ESQ., Bar #301678<br>DUNCAN FIRM, P.A.<br>809 W. 3RD STREET<br>LITTLE ROCK, AR 72201<br>Telephone No: 501-228-7600    FAX No: 501-228-0415 | For Court Use Only |
|---|---|
| Attorney for: Plaintiff | Ref. No. or File No.: |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| SAN FRANCISCO COUNTY SUPERIOR COURT |
| Plaintiff: AVA KHOSHRAVANI |
| Defendant: LYFT, INC., A CALIFORNIA CORPORATION |

| PROOF OF SERVICE<br>S&C | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC 21 589292 |
|---|---|---|---|---|

*1.* At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS AND COMPLAINT CIVIL CASE COVER SHEET; NOTICE TO PLAINTIFF;

3. a. *Party served:*       LYFT, INC., A CALIFORNIA CORPORATION
    b. *Person served:*     JESSIE GASTELUM, AUTHORIZED TO ACCEPT

4. *Address where the party was served:*     CT CORPORATION SYSTEM
                                       818 W. SEVENTH STREET
                                       LOS ANGELES, CA 90015

5. *I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Fri., Mar. 05, 2021 (2) at: 9:43AM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
    *on behalf of:* LYFT, INC., A CALIFORNIA CORPORATION
    Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*                            Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. GARY HANSEN, C.C.P.S.           d. *The Fee for Service was:*    $323.50
    b. **GOTCHA LEGAL SERVICES**      e. I am: (3) registered California process server
       P.O. BOX 6695                              *(i)*   Independent Contractor
       SAN MATEO, CA 94403            *(ii)*   *Registration No.:*    2988
    c. 650 577-1860                                *(iii)* *County:*            Los Angeles
                                              *(iv)* *Expiration Date:*    Mon, Sep. 12, 2022

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    Date: Sun, Mar. 07, 2021

Judicial Council Form POS-010             PROOF OF SERVICE                                          
Rule 2.150.(a)&(b) Rev January 1, 2007        S&C                              (GARY HANSEN, C.C.P.S.)     bartolo.88269

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James H. Bartolomei (SBN: 301678)<br>James H. Bartolomei III, P.A.<br>809 West Third Street<br>Little Rock, Arkansas 72201<br>TELEPHONE NO.: (501) 228-7600   FAX NO. *(Optional):* (501) 228-0415<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff AVA Khoshravani | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: Civic Center Courthouse
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, California 94102
BRANCH NAME:

| PLAINTIFF/PETITIONER: AVA KHOSHRAVANI | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LYFT, INC. | CGC-21-589292 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No. |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Notice to Plaintiff

3. a. Party served *(specify name of party as shown on documents served):*
      Lyft, Inc.

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   289 South Culver Street, Lawrenceville, Georgia 30046-4805
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*                    (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [✓] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS** Code of Civil Procedure, § 417.10

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>James H. Bartolomei (SBN: 301678)<br>James H. Bartolomei III, P.A.<br>809 West Third Street<br>Little Rock, Arkansas 72201<br>TELEPHONE NO : (501) 228-7600   FAX NO *(Optional):* (501) 228-0415<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff AVA Khoshravani | FOR COURT USE ONLY |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco<br>STREET ADDRESS: Civic Center Courthouse<br>MAILING ADDRESS: 400 McAllister Street<br>CITY AND ZIP CODE: San Francisco, California 94102<br>BRANCH NAME: |

| | |
|---|---|
| PLAINTIFF/PETITIONER: AVA KHOSHRAVANI<br><br>DEFENDANT/RESPONDENT: LYFT, INC. | CASE NUMBER:<br>CGC-21-589292 |
| **PROOF OF SERVICE OF SUMMONS** | Ref No or File No : |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice to Plaintiff

3. a. Party served *(specify name of party as shown on documents served):*
      Lyft, Inc.

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                    (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*             at *(time):*             I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☑ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*             from *(city):*             or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: AVA KHOSHRAVANI | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LYFT, INC. | CGC-21-589292 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*               (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☑ **by other means** *(specify means of service and authorizing code section):*
Certified Mail, Return Receipt Requested, Restricted Delivery

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

      ☑ 416.10 (corporation)         ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)          ☐ 415.46 (occupant)
                            ☐ other:

7. **Person who served papers**
  a. Name:
  b. Address:
  c. Telephone number:
  d. **The fee** for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:

▶

_____    _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)            (SIGNATURE )

POS-010 [Rev January 1, 2007]               **PROOF OF SERVICE OF SUMMONS**         Page 2 of 2

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James H. Bartolomei (SBN: 301678)<br>James H. Bartolomei III, P.A.<br>809 West Third Street<br>Little Rock, Arkansas 72201<br>TELEPHONE NO.: (501) 228-7600    FAX NO. *(Optional):* (501) 228-0415<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*  Plaintiff AVA Khoshravani | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco | |
|---|---|
| STREET ADDRESS: Civic Center Courthouse<br>MAILING ADDRESS: 400 McAllister Street<br>CITY AND ZIP CODE: San Francisco, California 94102<br>BRANCH NAME: | |

| PLAINTIFF/PETITIONER: AVA KHOSHRAVANI | CASE NUMBER. |
|---|---|
| DEFENDANT/RESPONDENT: LYFT, INC. | CGC-21-589292 |

| PROOF OF SERVICE OF SUMMONS | Ref No or File No |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Notice to Plaintiff

3. a. Party served *(specify name of party as shown on documents served):*
      Lyft, Inc.

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   818 West Seventh Street #930, Los Angeles, California 90017

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*                    (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):*             at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [✓] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*             or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: AVA KHOSHRAVANI | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LYFT, INC. | CGC-21-589292 |

5.  c.  ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                                    (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

   d.  ☑ **by other means** *(specify means of service and authorizing code section):*
   Certified Mail, Return Receipt Requested, Restricted Delivery

   ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  ☐ as an individual defendant.
   b.  ☐ as the person sued under the fictitious name of *(specify):*
   c.  ☐ as occupant.
   d.  ☐ On behalf of *(specify):*
       under the following Code of Civil Procedure section:

   ☑ 416.10 (corporation)                    ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)            ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)                  ☐ 415.46 (occupant)
                                             ☐ other:

7.  **Person who served papers**
   a.  Name:
   b.  Address:
   c.  Telephone number:
   d.  **The fee** for service was: $
   e.  I am:
       (1) ☐ not a registered California process server.
       (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
       (3) ☐ a registered California process server:
           (i) ☐ owner ☐ employee ☐ independent contractor.
           (ii) Registration No.:
           (iii) County:

8.  ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9.  ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    (SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

| PLAINTIFF/PETITIONER: AVA KHOSHRAVANI | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LYFT, INC. | CGC-21-589292 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                     (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) *(Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. *(Code Civ. Proc., § 415.40.)*

  d. ☑ **by other means** *(specify means of service and authorizing code section):*
    Certified Mail, Return Receipt Requested, Restricted Delivery

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                              ☐ other:

7. **Person who served papers**
  a. Name:
  b. Address:
  c. Telephone number:
  d. **The fee** for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date:

_____    ▶  _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)              (SIGNATURE )

1
2

## PROOF OF SERVICE
### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3
4

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 809 West 3rd Street, Little Rock, AR 72201. On March 17, 2021, I served the following document(s) by the method indicated below:

5

NOTICE OF PROOF OF SERVICE

6
7

X        by placing the original document(s) listed above in a sealed envelope addressed as set forth below, with postage thereon fully prepaid, and depositing such envelope in the United States mail at Little Rock, AR to the 849 S. Broadway, Ste. 504 address only for defense counsel.

8
9
10

by placing a copy thereof enclosed in an overnight mail envelope or package designated by the express service carrier, depositing the envelope in a box or other facility regularly maintained by the express service carrier with delivery fees paid or provided for.

11
12
13
14

by facsimile transmission on this date from fax number 501-228-0415 to the fax number(s) listed below. The transmission was completed at or about and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. The transmitting fax machine complies with California Rules of Court 2.301(3).

15
16

by transmitting the document(s) via e-mail to the parties at the e-mail addresses below via James@duncanfirm.com.

17

by personally delivering the document(s) listed above to the person(s) set forth below.

18
19

LYFT, INC.
c/o CT CORPORATION SYSTEM
818 W. 7th Street
Los Angeles, CA 90015

20
21
22

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 17, 2021 at Little Rock, Arkansas.

23
24

/s/ James H. Bartolomei III
_____

25

James H. Bartolomei III

26
27
28

-2-

NOTICE OF PROOF OF SERVICE

**EXHIBIT B**

**O**NE **L**EGAL®

| **Confirmation #:** | 24977478 |
| **Case Title:** | AVA KHOSHRAVANI VS. LYFT, INC. ET AL |

Thank you for choosing One Legal. If you have any questions about this order, please email us at support@onelegal.com.

## CASE INFORMATION

| **Court Name:** | San Francisco County, Superior Court of California |
| **Court Branch:** | San Francisco-McAllister |
| **Case Title:** | AVA KHOSHRAVANI VS. LYFT, INC. ET AL |
| **Case Category:** | General Civil |
| **Case Type:** | PERSONAL INJURY/PROPERTY DAMAGE - NON-VEHICLE RELATED |
| **Case #:** | CGC-21-589292 |

## ORDER DETAILS

| **Order Type:** | eFiling-eService |
| **Filing order #:** | 16092670 |
| **Date/Time Submitted:** | 4/1/2021 9:30 AM PT |
| **Client Billing Code:** | 37248.11 |
| **Contact Name:** | Grace Mohr |
| **Attorney Name:** | Kaylen Kadotani |
| **Email Notification:** | Contact |

## DOCUMENTS

| Document Type | Document Title | Pages Uploaded |
| --- | --- | --- |
| Answer (Original) | Defendant Lyft, Inc.'s Answer to Complaint | 9 |

## eSERVICE RECIPIENTS

| Name | Email |
| --- | --- |
| James H. Bartolomei | James@duncanfirm.com |

Copyright © 2021 One Legal LLC • www.onelegal.com

1  HANSON BRIDGETT LLP
   SAMANTHA D. WOLFF, SBN 240280
2  swolff@hansonbridgett.com
   KAYLEN KADOTANI, SBN 294114
3  kkadotani@hansonbridgett.com
   BREANA L. BURGOS, SBN 335077
4  bburgos@hasnonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone:    (415) 777-3200
6  Facsimile:    (415) 541-9366

7  Attorneys for Defendant LYFT, INC.

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10

11  AVA KHOSHRAVANI,                      Case No. CGC-21-589292

12          Plaintiff,                    **DEFENDANT LYFT, INC.'S ANSWER TO COMPLAINT**

13      v.                                Action Filed:        January 26, 2021

14  LYFT, INC., a California Corporation,
    and DOES No. 1 to 100, Inclusive,

15
            Defendants.
16

17          Pursuant to Sections 431.10, *et seq.*, of the California Code of Civil Procedure, Defendant

18  LYFT, INC. generally denies and puts at issue each and every material allegation contained in

19  Plaintiff's unverified Complaint For Damages ("Complaint") and every alleged cause of action

20  therein.  Defendant further denies that Plaintiff has been damaged in the manner alleged or in any

21  amount whatsoever as a result of the alleged acts or omissions of Defendant or any of Defendant's

22  agents, servants, or actual employees.

23                           **AFFIRMATIVE DEFENSES**

24          Defendant pleads the following separate defenses.  Defendant reserves the right to assert

25  additional affirmative defenses that discovery indicates are proper.

26                      **FIRST AFFIRMATIVE DEFENSE**

27                         **(Failure to State a Claim)**

28          The Complaint, and each and every claim alleged therein, fails to state facts sufficient to

17401285.1

constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Assumption of Risk)

The Complaint is barred, in whole or in part, because at all times Plaintiff knew the risks of injury and damage involved in her actions and conduct, and with full knowledge of such risks, voluntarily assumed such risks. Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence for her own safety in order to avoid the alleged incident and alleged resulting injuries, and Plaintiff's recovery from Defendant must therefore be reduced by Plaintiff's own negligence, actions, or omissions.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because, by virtue of her conduct, Plaintiff comes to this action with unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Negligence or Comparative Fault of Plaintiff)

Plaintiff's injuries, if and to the extent they occurred, were caused or contributed to by Plaintiff's own recklessness, carelessness, and/or negligence, and Plaintiff's recovery must therefore be reduced by Plaintiff's comparative fault.

## FIFTH AFFIRMATIVE DEFENSE

### (Negligence or Comparative Fault of Others)

Plaintiff's injuries, if and to the extent they occurred, were caused or contributed to by the negligence, recklessness, and intentional conduct of other persons and/or entities, and Plaintiff's recovery from Defendant must therefore be reduced by the comparative fault of such other persons and/or entities.

## SIXTH AFFIRMATIVE DEFENSE

### (Superseding Act)

No act or omission of Defendant was a factor, whether substantial or otherwise, in causing or contributing to the incident or injury alleged in the Complaint. Any alleged acts and/or

17401285.1

omissions by Defendant were superseded by the acts and/or omissions of other persons or entities, which acts and omissions were the independent, superseding and intervening cause of the incident and injury, if any, described in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unforeseeable Intervening Cause)

The injuries and damages sustained by Plaintiff, if any, were the result of acts or omissions of others, which were not and could not have been foreseen by Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Cause in Fact)

The Complaint is barred, in whole or in part, because Plaintiff cannot prove any facts showing that the conduct of Defendant was the cause in fact of any injuries or damages suffered by Plaintiff as alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

The Complaint is barred, in whole or in part, because Plaintiff cannot prove any facts showing that the conduct of Defendant was the proximate cause of any injuries or damages suffered by Plaintiff as alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff is not entitled to recover damages, if any, to the extent that Plaintiff has failed to mitigate or reasonably attempt to mitigate her damages as required by law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Several Liability of Non-Economic Damages)

To the extent that the Fair Responsibility Act of 1986 (California Civil Code sections 1431.1 through 1431.5) applies to the present action and/or to certain claims therein, and based upon principles of comparative fault, the liability of Defendant, if any, for non-economic damages shall be several only, and shall not be joint with any other person or entity. Defendant, if liable at all, is only liable for the amount of non-economic damages allocated to it in direct proportion of

1   its respective percentage of fault, and a separate and several judgment must be rendered against it,

2   if any.

3   **TWELFTH AFFIRMATIVE DEFENSE**

4   **(Consent by Plaintiff)**

5       Plaintiff agreed to, and participated in, those actions which plaintiff claims to have caused

6   injury or damage. Since such participation and consent were given knowingly and voluntarily,

7   plaintiff's claims are invalid.

8   **THIRTEENTH AFFIRMATIVE DEFENSE**

9   **(No Legal Duty)**

10      The Complaint is barred, in whole or in part, because Plaintiff cannot prove that Defendant

11  owed her a legal duty of care based on the facts alleged in the Complaint.

12  **FOURTEENTH AFFIRMATIVE DEFENSE**

13  **(Contractual Assumption of Risk)**

14      Defendant is informed and believes and thereon alleges that Plaintiff cannot recover any

15  damages against Defendant because Plaintiff agreed before the alleged incident that she would not

16  hold Defendant responsible for any damages, including for any injuries suffered by Plaintiff while

17  engaging in the activity alleged in the Complaint.

18  **FIFTEENTH AFFIRMATIVE DEFENSE**

19  **(Open and Obvious Harm)**

20      The perils, dangers, or risks of harm, if any, were open and obvious and known to Plaintiff,

21  who nevertheless conducted herself in such a manner so as to expose herself and remain exposed,

22  to said perils, dangers and risks of harm, thus assuming all risks attendant thereto such that

23  Plaintiff's right of recovery should be barred.

24  **SIXTEENTH AFFIRMATIVE DEFENSE**

25  **(Misuse)**

26      The injuries and damages that Plaintiff alleges in the Complaint were legally and

27  proximately caused by the unforeseeable misuse by Plaintiff, including but not limited to

28  Plaintiff's failure to follow the safety measures pursuant to Defendant's Terms of Service.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(No Defect)**

Defendant is informed and believes that the electric scooter alleged in the Complaint was not in a defective condition and was accompanied by adequate warnings when it left the possession, custody, and control of Defendant. Alternatively, any alleged defective condition was such that it did not cause the injuries alleged in the Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Offset)**

Defendant is informed and believes, and thereon alleges, that Defendant is entitled to an offset for any monies received by Plaintiff from any source in compensation for their alleged economic damages and non-economic damages under the common law doctrine of offset and under the doctrine prohibiting double recovery set forth under *Witt v. Jackson*, 57 Cal.2d 57 (1961) and its progeny.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Repose, Laches, and Estoppel)**

Plaintiffs' claims are barred by the statute of repose and/or by the equitable doctrines of laches and estoppel.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Defendant Fulfilled Duty to Warn)**

Defendant states that it discharged its duty to warn of dangers embodied in the subject electric scooter, if any such duty or dangers existed, by providing adequate warnings and instructions to Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Reasonably Foreseeable Harm)**

Defendant is informed and believes, and thereon alleges, that the harm, if any, which Plaintiff claims caused the injuries alleged herein was not known to Defendant nor did Defendant have reason to know of the risk of said harm at the time of alleged exposure.  Therefore, any risk of harm was not reasonably foreseeable by Defendant and Defendant cannot be held liable for the

17401285.1

1  injuries and damages caused to Plaintiff.

2  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

3  **(State-of-the-Art)**

4  Defendant states that the design and method of manufacture of the subject scooter conformed

5  to the generally recognized and prevailing standards or state of the art in existence at the time of the

6  its design and manufacture.

7  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

8  **(No Alternative Design)**

9  Defendant states that no alternative design or formulation was available that would have

10  prevented the harm for which Plaintiff seeks to recover damages and not impair the product at issue.

11  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

12  **(No Material Defects/Workmanship Defects)**

13  Defendant is informed and believes and thereon alleges that the condition of the subject

14  scooter, as described in the Complaint, does not constitute material defects and/or workmanship

15  defects.

16  ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

17  **(No Entitlement to Attorneys' Fees)**

18  The Complaint fails to properly state a claim for attorneys' fees under Cal. Code of Civ.

19  Proc. § 1021.5 or otherwise.

20  ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

21  **(No Entitlement to Punitive Damages)**

22  The Complaint fails to properly state a claim for punitive damages under Civ. Code § 3294

23  et seq., or otherwise.

24  ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

25  **(Waiver)**

26  Defendant alleges that Plaintiff is barred in whole or in part from prosecuting the purported

27  causes of action set forth in the Complaint by the doctrine of waiver.

28

1

## **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

2

### **(Waiver and Estoppel)**

3     Defendant alleges that as a result of Plaintiff's own acts and/or omissions, including her

4   agreement to Defendant's Terms of Service, Plaintiff has waived any right which she may have

5   had to recover, and/or is estopped from recovering, any relief sought against Defendant.

6

## **TWENTY-NINTH AFFIRMATIVE DEFENSE**

7

### **(All Obligations Performed)**

8     Defendant alleges that it has fully and/or substantially performed any and all obligations it

9   may have had to Plaintiff.

10

## **THIRTIETH AFFIRMATIVE DEFENSE**

11

### **(Compliance With The Law)**

12     Defendant alleges that the actions taken by it were in full compliance with the law.

13

## **THIRTY-FIRST AFFIRMATIVE DEFENSE**

14

### **(Unknown Defenses)**

15     Defendant may have other separate and/or additional defenses of which it is not presently

16   aware and hereby reserves the right to assert such defenses by amendment to this Answer as

17   discovery continues.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

DEFENDANT LYFT, INC.'S ANSWER TO COMPLAINT

17401285.1

1          WHEREFORE, Defendant prays for relief as follows:

2          1.      That the Complaint be dismissed, with prejudice and in its entirety;

3          2.      That Plaintiff take nothing by reason of this Complaint and that judgment be

4    entered against Plaintiff and in favor of Defendant;

5          3.      That Defendant be awarded its attorneys' fees and costs incurred in defending this

6    action;

7          4.      That Defendant be granted such other and further relief as the Court may deem just

8    and proper.

9

10   DATED:  April 1, 2021                              HANSON BRIDGETT LLP

11

12                                                      By: _____

13                                                      SAMANTHA D. WOLFF
                                                        KAYLEN KADOTANI
14                                                      BREANA L. BURGOS
                                                        Attorneys for Defendant LYFT, INC.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT LYFT, INC.'S ANSWER TO COMPLAINT

## PROOF OF SERVICE

*Ava Khoshravani v. Lyft, Inc.*
San Francisco County Superior Court Case No.: CGC-21-589292

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 425 Market Street, 26th Floor, San Francisco, CA 94105.

On April 1, 2021, I served true copies of the following document(s) described as:

**DEFENDANT LYFT, INC.'S ANSWER TO COMPLAINT**

on the interested parties in this action as follows:

James H. Bartolomei                  *Attorneys for Plaintiff*
James H. Bartolomei III, P.A.        AVA KHOSHRAVANI
Of Counsel at Duncan Firm, P.A.
809 W. 3rd Street
Little Rock, Arkansas 72201
Telephone: (501) 228-7600
Facsimile: (501) 228-0415
James@duncanfirm.com

**BY ELECTRONIC SERVICE:** I served the document(s) on the person listed in the Service List by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 1, 2021, at San Francisco, California.

_____
Grace M. Mohr

17401285.1